IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT DEREK BELL-EL, )<br>)<br>Petitioner, )<br>)<br>VS. )<br>)<br>MYRON L. BATTS, )<br>)<br>Respondent. )<br>) | Civ. No. 15-1090-JDT-cgc<br>Crim. No. 05-10077-JDT |

ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Robert Derek Bell-El, Bureau of Prisons register number 17394-076, who is incarcerated at the Federal Correctional Institution in Memphis, Tennessee (FCI Memphis),[1] filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] (ECF No. 1.) For the following reasons, the § 2241 petition will be denied.

On February 21, 2006, a federal grand jury returned a superseding indictment against Bell-El, charging him with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). (No. 05-10077, Crim. ECF No. 15.) Trial began on October 25, 2006, and on October 27, 2006, the jury

---

[1] In a § 2241 petition, the proper Respondent is the Petitioner's custodian. The Clerk is directed to MODIFY the docket to record Myron L. Batts, the Warden of FCI Memphis, as the Respondent instead of the United States.

[2] After he filed the present § 2241 petition, Bell-El also filed a motion under 28 U.S.C. § 2255, contending that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Bell-El v. United States*, No. 16-1185-JDT-egb (W.D. Tenn. filed June 27, 2016). That motion will be addressed in a separate order.

returned a verdict of guilty on all three counts. (*Id.*, Crim. ECF Nos. 37, 38, 39, 40 & 41.) At a hearing on January 25, 2007, the Court found that Bell-El qualified as a career offender under U.S.S.G. §4B1.1. He was sentenced to concurrent prison terms of 240 months on each of counts one and two and a consecutive 22-month term of imprisonment on count three, for an effective sentence of 262 months. (*Id.*, Crim. ECF No. 50; *see also id.*, Sent'g Tr., Crim. ECF No. 59 at PageID 313-18.) The Court also imposed a three-year period of supervised release. (*Id.*) Judgment was entered on January 29, 2007 (*id.*, Crim. ECF No. 51), and an amended judgment was entered on February 6, 2007 (*id.*, Crim. ECF No. 53). On appeal, the Sixth Circuit affirmed. *United States v. Bell*, 259 F. App'x 733 (6th Cir. 2008).

In his § 2241 petition, Bell-El contends the consecutive 22-month sentence on count three was imposed as a result of an incorrect application of the U.S. Sentencing Guidelines. Specifically, he contends the Probation Officer who prepared the Presentence Report (PSR) erroneously grouped the three counts of bank robbery under U.S.S.G. § 3D1.2. Consequently, Bell-El argues that he should be re-sentenced with the sentences on all three counts to run concurrent.

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in 28 U.S.C. § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed . . . under 28 U.S.C. § 2255, and that claims seeking to challenge the

2

execution or manner in which the sentence is served shall be filed . . . under 28 U.S.C. § 2241.

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). In this case, Bell-El is attacking the imposition of his sentence by this Court; therefore, habeas relief under § 2241 is not available to him unless relief under § 2255 is inadequate or ineffective. Bell-El carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (citations omitted). After its decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles*, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758) (additional citation omitted).

In order to demonstrate that relief under § 2255 is inadequate or ineffective, the petitioner must be claiming that he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's

3

restrictions . . . ."). "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Court of Appeals has not permitted prisoners to use the savings clause to attack their sentences, even if the argument is couched in "actual innocence" language. *See Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam) ("Jones argues that the exception applies to his first claim because . . . he is actually innocent of being an armed career criminal. However, he does not argue that he is actually innocent of being a felon in possession of a firearm. Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) ("[T]he 'actual innocence' exception of the savings clause of § 2255 is actual innocence of the underlying, substantive offense, not 'innocence' of a sentencing factor." (additional internal quotation marks omitted)).

In this case, Bell-El is challenging the imposition of his sentence by this Court, not the execution of his sentence by the BOP. Therefore, his claims are not appropriately brought in a § 2241 petition unless the savings clause applies. However, Bell-El makes no claim that he is actually innocent of bank robbery; instead, he asserts only that his sentence was erroneous because the sentencing guidelines were misapplied. Therefore, he has failed to demonstrate that § 2255's savings clause should be applied.

4

Because Bell-El is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief.[3]  28 U.S.C. § 2243.  An order for the Respondent to show cause need not issue, and the petition is hereby DISMISSED.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody are not required to obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009).

If Bell-El files a notice of appeal, he must either pay the entire $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917 or obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal

---

[3] Even if Bell-El's claim could be brought under § 2241, it is without merit.  Although he contends the Probation Officer erroneously grouped the three bank robbery counts under U.S.S.G. § 3D1.2, the PSR clearly states otherwise:  "Because crimes of violence cannot be grouped together, each of Counts one, two, and three constitute a separate group for sentencing purposes."  (PSR ¶ 15, at 8.)  Thus, instead of grouping the three counts together, the Probation Officer treated each count as its own "group" and calculated a combined adjusted offense level of 27.  (*Id.*, Worksheet B.)

Furthermore, even if Bell-El's assertion that the three counts were grouped together was accurate, it would have had no effect on his sentence.  Under the career offender provision, the offense level still would have been increased to 32, *see* U.S.S.G. § 4B1.1(b)(C), based on the 20-year statutory maximum for bank robbery.  (*See also* PSR, Worksheet D, pg. 1.)  With an offense level of 32 and a criminal history category of VI, the advisory guideline range was 210-262 months.  After considering that advisory sentencing range and all of the factors in 18 U.S.C. § 3553(a), the Court made the decision to structure Bell-El's sentence so that the individual sentences on each count were within the 20-year statutory maximum and that the effective sentence of 262 months was at the top of the guideline range.

*in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Bell-El clearly is not entitled to invoke § 2241, it is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter is not taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Bell-El files a notice of appeal, he must either pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE